**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00442-DME

RALPH GUGLIELMI,

    Movant,

v.

SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE INSPECTOR GENERAL,

    Respondent.

---

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Movant Ralph Guglielmi's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Doc. 1), which he filed on February 21, 2012, pursuant to 12 U.S.C. § 3410. Movant has received a Customer Notice from his bank, Compass Bank, informing him that the Social Security Administration is seeking his bank records. Pursuant to this Court's order of March 7, 2012, Movant has supplemented his motion with a copy of the Customer Notice. (Doc. 4.) The Court concludes that Movant's motion is untimely. However, the Court further concludes that this failure is not a jurisdictional defect, and that Movant has otherwise complied with the requirements of Section 3410(a). Accordingly, the Court ORDERS Respondent Social Security Administration to file a sworn response so that the Court may adjudicate the motion on the merits.

## DISCUSSION

The Right to Financial Privacy Act of 1978 (codified at 12 U.S.C. §§ 3401-3422) ("RFPA") creates a default rule that government entities are not entitled to have access to or obtain copies of financial records unless certain conditions are met. Where an administrative agency seeks to compel production of records via administrative subpoena or summons, the agency may only obtain the records if

> (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;
>
> (2) a copy of the subpena [sic] or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpena [sic] or summons was served on the financial institution together with the following notice which shall state with reasonable specificity the nature of the law enforcement inquiry[;]
>
> [. . .]
>
> (3) ten days have expired from the date of service of the notice or fourteen days have expired from the date of mailing the notice to the customer and within such time period the customer has not filed a sworn statement and motion to quash in an appropriate court, or the customer challenge provisions of section 3410 of this title have been complied with.

12 U.S.C. § 3405. This third condition relates to the customer challenge provision of RFPA, which provides that a bank customer may file a motion to quash an administrative summons, and gives district courts precise rules for how to evaluate such motions. See 12 U.S.C. § 3410.

The motion must be filed "in the appropriate district court" "[w]ithin ten days of service or within fourteen days of mailing" of the subpoena, and a copy must be served upon the relevant government authority. The motion must be accompanied by "an affidavit or sworn statement (1) stating that the applicant is a customer of the financial institution from which the records are sought; and (2) stating the applicant's reasons for believing that the financial records sought are

not relevant to the legitimate law enforcement inquiry stated by the government authority in its notice." Id. § 3410(a).

Upon satisfying itself that the customer has complied with the provisions of § 3410(a), the court shall order the government agency to respond. Id. § 3410(b). The statute is silent, however, as to the consequences of a customer's failure to comply with the requirements of § 3410(a).

Here, Movant's Customer Notice is dated February 6, 2012. Doc. 4-1 at 1. Assuming this is the day that Respondent mailed the notice to Movant, Movant had fourteen days, or until February 20, 2012, to file a motion to quash. See 12 U.S.C. § 3410(a). Movant did not file his motion, however, until February 21, 2012, fifteen days after the Customer Notice was mailed. (Doc. 1.) The motion is thus one day late.

Some courts have denied or dismissed untimely motions under § 3410(a) for lack of subject-matter jurisdiction. See, e.g., York v. Soc. Sec. Admin. Office of Inspector Gen., No. CV 10-9435 PSG, 2011 WL 282339 (C.D. Cal. 2011); Mackey v. SEC, No. 3:96mc407 (AHN), 1997 WL 114801, at *1 (D. Conn. Feb. 21, 1997); Turner v. United States, 881 F. Supp. 449 (D. Haw. 1995). Other courts have denied such motions as untimely, but not gone so far as to implicate subject-matter jurisdiction. See, e.g., Friedman v. Inspector Gen. of the U.S. Dep't of State, Civ. A. No. 92-2312 SSH, 1992 WL 321510, at *1 & n.1 (D.D.C. Oct. 21, 1992) (denying motion for failure to comply with § 3410(a), making no mention of subject-matter jurisdiction). Still another court has expressly held the time limit non-jurisdictional and adjudicated the untimely motion on the merits. See Douglas v. United States, 410 F. Supp. 2d 292, 296 (S.D.N.Y. 2006).

The Supreme Court has recently suggested that not all statutory time limits are jurisdictional. See Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1247 & n.7 (2010). Indeed, the Supreme Court's recent jurisprudence suggests that, if anything, the lower courts are too quick to find statutory conditions "jurisdictional." See id. at 1244; Arbaugh v. Y & H Corp., 546 U.S. 500, 511 (2006) (criticizing "drive-by jurisdictional rulings"); Steel Co. v. Citizens for a Better Env't, 5243 U.S. 83, 91 (1998) (same); see also Kontrick v. Ryan, 540 U.S. 443, 456 (2004) (discussing difference between "claim-processing rules" and "rules governing subject-matter jurisdiction). Muchnick suggests that a statutory condition must be examined closely in "context, including [the Supreme] Court's interpretation of similar provisions in many years past," 130 S. Ct. at 1248, to determine whether it is jurisdictional or not.

This Court, like the Southern District of New York in Douglas, concludes that the time limit for filing a motion to quash an administrative subpoena under 12 U.S.C. § 3410(a) is not jurisdictional. First, the language of § 3410(a) does not "clearly state[]" that it is jurisdictional. Arbaugh, 546 U.S. at 515. Compare 12 U.S.C. § 3410(a) with 12 U.S.C. § 3416 (creating jurisdiction in federal district courts over "action[s] to enforce any provision" of RFPA, brought within three years of the violation or discovery thereof). See also Muchnick, 130 S. Ct. at 1245-46 (concluding that a statutory copyright registration requirement was not jurisdictional, and finding relevant the fact that the registration requirement appeared in a provision separate from the provision granting general subject-matter jurisdiction over copyright claims). Second, RFPA contemplates a general right to privacy in financial records, with the burden on the government to demonstrate that its request for access falls within certain enumerated categories. See 12 U.S.C. §§ 3402, 3405. Accordingly, the Court finds that, viewed in context, the time limit of

§ 3410(a) is more akin to the "mode of relief" time limit found non-jurisdictional in <u>Scarborough v. Principi</u>, 541 U.S. 399, 413-14 (2004), than to the strict time limits for filing notice of appeal found jurisdictional in <u>Bowles v. Russell</u>, 551 U.S. 205, 214 (2007).  Section 3410(a) relates to a proceeding "auxiliary to" a general matter (i.e., the government's compliance with RFPA) over which this Court would have jurisdiction.  See <u>Scarborough</u>, 541 U.S. at 414.  Further, Movant's delay of one day is not likely to have prejudiced the Government or exposed it to any "unfair imposition."  See <u>id.</u> at 422-23.

Movant's motion otherwise complies with the requirements of § 3410(a).  It is accompanied by Movant's sworn statement that he is a customer of the bank that received the subpoena, and states his reasons for believing that the financial records sought by Respondent are not relevant to the "legitimate law enforcement inquiry" stated by Respondent in its notice.[1]  (Doc. 1.)  And it was properly served upon Respondent.  (Doc. 1 at 3.)

**CONCLUSION**

Movant has substantially complied with the provisions of 12 U.S.C. § 3410(a).  Even if Movant's compliance is not perfect, this does not create a jurisdictional bar, and nothing in the statute precludes the Court from ordering the Government to respond.

IT IS THEREFORE ORDERED THAT, no later than April 13, 2012, Respondent shall file a sworn response to Movant's motion.  If Respondent wishes to file its response in camera,

---

[1] Respondent's notice and administrative subpoena state that the records are sought in connection with "an official investigation concerning the possible fraudulent or otherwise improper receipt and/or use of Social Security benefits."  (Doc. 4-1 at 2, 4.)

Respondent will include in its response the reasons which make in camera review appropriate. See 12 U.S.C. § 3410(b).

IT IS SO ORDERED.

Dated this   23rd   day of   March  , 2012.

BY THE COURT:

*s/ David M. Ebel*

_____
U. S. Circuit Court Judge