**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00442-DME

RALPH GUGLIELMI,

    Movant,

v.

SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE INSPECTOR GENERAL,

    Respondent.

---

**MEMORANDUM OPINION AND ORDER
DENYING CUSTOMER CHALLENGE TO GOVERNMENT SUBPOENA**

---

This matter is before the Court on Movant Ralph Guglielmi's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Doc. 1), which he filed on February 21, 2012, pursuant to 12 U.S.C. § 3410. Having reviewed the Motion, the Movant's supplemental filing of March 13, 2012, and Respondent Social Security Administration's in camera response, submitted April 13, 2012, and being fully advised in the premises, the Court finds and orders as follows.

**BACKGROUND**

Movant received a Customer Notice from his bank, Compass Bank, informing him that the Social Security Administration had issued a subpoena duces tecum for the production of

Movant's bank records. Movant sought to quash the subpoena under the customer challenge provision of the Right to Financial Privacy Act of 1978 (codified at 12 U.S.C. §§ 3401-3422) ("RFPA"). Pursuant to this Court's order of March 7, 2012, Movant supplemented his motion with a copy of the Customer Notice. On March 23, 2012, this Court ordered Respondent to file a sworn response. On April 13, 2012, Respondent submitted its response in camera, pursuant to 12 U.S.C. § 3410(b) (the Government authority's response "may be filed in camera if the Government includes in its response the reasons which make in camera review appropriate").

## DISCUSSION

Under RFPA, a person whose financial records have been subpoenaed by an administrative agency may move to quash the subpoena. 12 U.S.C. § 3410(a). Where the motion is properly made, the court may order the Government to respond, and conduct any additional proceedings as necessary to resolve the motion. Id. § 3410(b). "If the court finds . . . that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and in the case of an administrative summons or court order other than a search warrant, order such process enforced." Id. § 3410(d). The motion must be decided within seven days of the filing of the Government's response. Id. § 3410(b). The burden to demonstrate that the records sought are relevant to a legitimate law enforcement inquiry is on the agency seeking the records. See Collins v. Commodity Futures Trading Comm'n, 737 F. Supp. 1467, 1481 (N.D. Ill. 1990).

### A.   Legitimacy of law enforcement inquiry

The Social Security Administration's Office of Inspector General was created by the Inspector General Act of 1978, 5 U.S.C. app. 3 § 1 et seq.  The purpose of the office, as pertinent here, is "to conduct and supervise audits and investigations relating to the programs and operations of" the Social Security Administration.  Id. §§ 3, 12(2).  The Inspector General is authorized to make investigations relating to the Social Security Administration's programs and operations, id. § 6(a)(2), and to subpoena "all information, documents, reports, answers, records, accounts, papers, and other data in any medium and documentary evidence necessary in the performance of" the Inspector General's functions, id. § 6(a)(4).  In addition, the Inspector General is obligated to report to the Attorney General whenever he has "reasonable grounds to believe" that a violation of federal criminal law has occurred.  Id. § 4(d).

The Supreme Court has recognized that an administrative agency vested by statute with "investigative and accusatory duties" has broad power to investigate suspected wrongdoing.  See United States v. Morton Salt Co., 338 U.S. 632, 643 (1950).  Like a grand jury, such an agency "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."  Id. at 642-43.

Here, the Customer Notice that Movant received stated that Movant's bank records were sought "to aid in an official investigation concerning the possible fraudulent or otherwise improper receipt and/or use of Social Security benefits."  Doc. 4-1 at 2.  Respondent's in camera response satisfies the Court that the subpoena in question relates to a proper inquiry, within the scope of the Inspector General's statutory authority, into Movant's entitlement to Social Security disability benefits.  The Court therefore finds that the law enforcement inquiry is legitimate.

B.     Relevance to legitimate law enforcement inquiry

"To obtain judicial enforcement of an administrative subpoena, an agency must show that the inquiry is not too indefinite, is reasonably related to an investigation which the agency has authority to conduct, and all administrative prerequisites have been met." Sec. & Exch. Comm'n v. Blackfoot Bituminous, Inc., 622 F.2d 512, 514 (10th Cir. 1980) (citing Morton Salt Co., 338 U.S. at 652). And "[f]or purposes of an administrative subpoena, the notion of relevancy is a broad one." Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989); see Martin v. Gard, 811 F. Supp. 616, 621 (D. Kan. 1993) ("If the material requested touches a matter under investigation, then relevancy is established.") (internal quotation marks omitted).

Eligibility for Social Security disability benefits is based upon an applicant's "inability to engage in any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A). Bank records, insofar as they may reflect income, are relevant to the question of whether a person is able to engage in substantial gainful activity. The Court therefore finds that the records sought are relevant to the Office of Inspector General's legitimate inquiry into Movant's "possible fraudulent or otherwise improper receipt and/or use of Social Security benefits." Doc. 4-1 at 2.

## CONCLUSION

The Court finds that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c). Accordingly, Movant's motion must be denied. See id. (upon such

finding, the court "shall deny the motion or application, and in the case of an administrative summons or court order other than a search warrant, order such process enforced").

IT IS THEREFORE ORDERED THAT

1. Movant's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Doc. 1) is DENIED.

2. Respondent's Subpoena Duces Tecum, directed to Compass Bank, dated February 1, 2012, shall be enforced.

2. Respondent's in camera response, submitted to the Court on April 13, 2011, shall be filed under seal.

IT IS SO ORDERED.

Dated this __17th__ day of April, 2012.

BY THE COURT:

*s/ David M. Ebel*

---

U. S. Circuit Court Judge